IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CHRISTINA STIENING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| AMEREN ILLINOIS COMPANY, | ) ) ) |
| Defendant. | ) **Jury Demanded** |

## COMPLAINT

Christina Stiening brings this complaint against her former employer, Ameren Illinois ("Ameren"). In support she states as follows:

1. This complaint is brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

2. This Court has jurisdiction to entertain this complaint because it is brought under a federal statute. 28 U.S.C. § 1331.

3. Stiening worked for Ameren at its Distribution Design Center (DDC) in Collinsville, Illinois. Many of the facts that give rise to this lawsuit transpired in Collinsville, Illinois and thus venue is appropriate in this Court.

4. Stiening worked for Ameren at the DDC from April 2, 2018, through April 7, 2022. Her last position of employment was Design Engineering Representative.

5. In December of 2020 Stiening was diagnosed with a severe form of ulcerative colitis. Her disease is chronic and constitutes a disability as that term is defined by

the ADA because it interferes with different major life activities and it interferes with the operation of a major bodily function.

6. On multiple occasions Stiening requested a reasonable accommodation. Accommodation requests were made on June 28, 2021; February 17, 2022; February 28, 2022; March 30, 2022.

7. Initally Stiening requested that she be allowed to work from home. She also proposed that she be allowed to work a hybrid arrangement that would allow her to work partially from home and partially at the office. All of her requested accommodations were rejected.

8. Based upon the fact that others who held comparable positions of employment were allowed to work from home, Stiening's request for an accommodation was reasonable.

9. Had Stiening been provided a reasonable accommodation she could have continued her employment with Ameren. Because Ameren refused to allow her a reasonable accommodation her physician instructed her that she could no longer work. As such, on April 7, 2022, Stiening resigned her position of employment.

10. But for Ameren's refusal to provide her with a reasonable accommodation because of her disability Stiening would continue to be employed there.

11. As a result of her forced resignation from Ameren, Stiening has sustained damages.

12. On or about April 14, 2022, Stiening filed a charge of discrimination with both the United States Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

13. On January 5, 2023, the EEOC issued a right to sue notice to Stiening authorizing her to bring this lawsuit within 90 days of her receipt of that notice.

Stiening requests that this Court enter judgment in her favor and against Ameren and provide the following relief:

A. Compensation for the damages that she has sustained and is likely to sustain in the future as a result of Ameren's actions.

B. Her legal fees and costs of suit.

C. An award of punitive damages.

D. Any other relief that is appropriate under the circumstances.

### Plaintiff Requests a Jury

*Christina Stiening*
Dated:                     FEBRUARY 27, 2023


By: /s/ John A. Baker
      Her Attorney

John A. Baker
BAKER, BAKER & KRAJEWSKI, LLC
415 South Seventh Street
Springfield, IL 62701
(217) 522-3445
(217) 522-8234 (Fax)
jab@bbklegal.com